UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED

2014 SEP 11 P 2: 05

UNITED STATES OF AMERICA :
: 
v. : Cr. No. 12-180-M
:
ANDREW JEREMIAH :

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, ANDREW JEREMIAH, have reached the following agreement:

    1.    Defendant's Obligations.

    a. Defendant will plead guilty to Count I of the Indictment, filed in Cr. No. 12-180M which charges Defendant with one count of conspiracy to unlawfully transport stolen goods with a value in excess of $5000, in violation of 18 U.S.C. § 371.

    b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea hearing is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    c. Defendant agrees:

        (i) to forfeit any and all interests in the following specific property:

            A. One lot of thirty one thousand eight hundred and eighty one dollars and three cents ($31,880.03) in United States currency

1

seized from Bank of America Account number XXXXXXX1779 in the name of Microgen Energy on or about January 23, 2013;

B. One lot of twelve thousand eight hundred fifty dollars ($12,850) in United States currency representing the proceeds from the sale of the oil seized from Conduit Street in Central Falls, Rhode Island on or about November 9, 2012.

C. One 1984 Ford F700 VIN 1FDNR74N3EYA15553 seized on or about November 9, 2012 in Central Falls, Rhode Island;

(ii) to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement;

(iii) to waive all interest in any asset identified above in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state, and to waive any pending claims in any judicial or administrative proceeding relating to any asset identified above;

(iv) to consent to the entry of orders of forfeiture for any asset identified above and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

(v) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding; and

(vi) that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture.

2. Government's Obligations. In exchange for Defendant's plea of guilty:

a. The government will, at time of sentencing, agree to return one lot of twenty nine thousand two hundred thirty dollars ($29,230.00) in United States currency seized in Cranston, Rhode Island on or about November 9, 2012 less any fines, court costs and restitution ordered by the court;

b. The government will at time of sentencing dismiss Count II of the indictment;

c. The government will recommend that the Court impose a sentence at the low end of the applicable guideline range.

d. For purposes of determining the offense level pursuant to the United States Sentencing Commissions Guidelines, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

3

  e. The government is free to recommend any combination of probation, community confinement, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines as well as the government's sentencing recommendations are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

  a. Between January 1, 2011 and November 9, 2012, the defendant knowingly and willfully entered into an agreement with Anthony Simone and others known and unknown to the grand jury, that Anthony Simone would use a tanker type truck owned by Jeremiah Motors, Inc., a company owned and controlled by Andrew Jeremiah and others, to travel into Massachusetts and go to restaurants and other food related businesses and pump used vegetable cooking oil into the tanker truck owned by Jeremiah Motors, Inc., without the knowledge or consent of the lawful owners of such cooking oil. Anthony Simone would then transport the stolen oil into Rhode Island and deliver it to Andrew Jeremiah and Bruce Jeremiah at a business location Andrew Jeremiah leased in Central Falls, Rhode Island.

4

  b. As part of the agreement, Antony Simone did repeatedly travel into Massachusetts and steal vegetable oil from various locations after which he brought the stolen oil to Andrew Jeremiah and Bruch Jeremiah at a business location in Central Falls, Rhode Island, leased or controlled by Andrew Jeremiah and Bruce Jeremiah. Andrew Jeremiah paid the defendant in cash for the stolen vegetable oil delivered to him and Bruce Jeremiah.

  c. Thereafter Andrew Jeremiah and Bruce Jeremiah arranged for the stolen oil to be transported to a New Hampshire based buyer, AMENICO, who paid Andrew Jeremiah and Bruce Jeremiah the prevailing rate for the stolen vegetable oil supplied by them.

  d. This scheme resulted in a loss to various rendering companies of no more than $119,999.

 5. Except as provided in paragraphs 2 and 4, there is no agreement as to which Offense Level and Criminal History Category apply in this case. Both the Government and Defendant reserve their right to argue and present evidence on all matters affecting the guideline calculation.

 6. The maximum statutory penalty for the offense to which defendant is pleading guilty is as follows:

  a. Count One- five years imprisonment and a fine of $250,000 and three years supervised release.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this Agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and,

f. Defendant waives these trial rights if the Court accepts a plea of guilty.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate

sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

11. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the

agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

16. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____          Sept 11, 2014
ANDREW JEREMIAH                           Date
Defendant

_____          9/11/14
THOMAS G. BRIODY                          Date
Counsel for Defendant

_____          9/11/14
WILLIAM J. FERLAND                        Date
Assistant U.S. Attorney

_____          9/11/14
ADI GOLDSTEIN                             Date
Assistant U.S. Attorney
Chief Criminal Division